EDWARD A. DUFRESNE, JR., Chief Judge.
 

 |aThis is an appeal by Ricardo S. Rodriquez, plaintiff-appellant, from a judgment of $150,000 in his favor, and against the Jefferson Parish Sheriffs Office, et al., in this suit arising from an automobile accident. Some $70,000 of this amount was for medical expenses, and the remainder was for general damages. Appellant contends here that the general damage award was too low. For the following reasons we reject that argument, and affirm the judgment.
 

 The facts of the accident need not be repeated here because the issue of liability was previously resolved in plaintiffs favor and was not contested at trial. Neither was there any serious dispute as to the medical expenses. The issues in this bench trial thus all concerned general damages.
 

 The evidence regarding plaintiffs injuries was as follows. Two days after the accident of February 5, 2003, he saw Dr. Stewart Altman, and was diagnosed with cervical, thoracic and lumbar spine sprains, a bilateral shoulder strain, and right elbow and left knee contusions. After several months of conservative treatment, plaintiff was still reporting low back pain, and a lumbar MRI was done on July 22, 2003. This test revealed problems at the L3-4 and L4-5 levels, and Dr. Altman recommended that he see a specialist.
 

 |3On October 2, 2003, plaintiff first saw Dr. Bradley J. Bartholomew, a neurosurgeon. This doctor treated plaintiffs back pain conservatively for several months with only mild success. Eventually, in April of 2004, he underwent facet block injections under the care of Dr. Charles N. Aprill, and experienced only temporary relief. In May Dr. Bernard Landry performed a MRI and discogram, both of which showed continuing problems at L3-4, L4-5, and possibly at L5-S1 levels.
 

 In June plaintiff returned to Dr. Bartholomew who discussed a fusion, but after reconsideration the doctor recommended further facet block injections. For the next 22 months, until April, 2006, plaintiff continued with conservative treatment. At that latter time he underwent an intradiscal electrothermal therapy procedure with only mixed results. He continued conservative care through September, 2006, when he saw Dr. Bernard L. Manale, an orthopedist. This doctor also recommended conservative treatment, and noted that if plaintiff were to suffer an additional trauma to the back that might “tip him into surgery.” As of October, 2006, Dr. Bartholomew advised plaintiff to restrict his physical activities, and rated his disability as 8-10% total bodily impairment.
 

 In early 2008, plaintiff consulted with orthopedic surgeon Jorge Isaza who also recommended against surgery and noted that his condition was “not too bad with no central canal of foraminal stenosis.” In
 
 *199
 
 February, 2009, plaintiff began seeing Dr. Thomas Cockerham, a physical medicine specialist, and was still being treated conservatively by this doctor at the time of trial.
 

 Plaintiff testified that prior to the accident he was very active physically and had no injuries. After the accident he states that he has suffered fairly constant lower back pains which have restricted his activities. Also since the accident he has married and had a son, and he complains that he is unable to take part in many l4activities involving his young son and his wife. His wife corroborated these restrictions on his activities. Plaintiff also said that since the accident he completed his training to become a registered nurse, and is presently working in that capacity. He noted that one of the problems with his treatments is that he is unable to take some of the drugs prescribed for his pain because of prohibitions by his employer on the use of such drugs by nurses. He has not missed work or ever been reprimanded for not being able to perform his duties as a nurse because of his back problems.
 

 Based on this evidence the trial judge awarded $80,024.05 in general damages. Plaintiff now appeals that award.
 

 In
 
 Youn v. Maritime Overseas Corp.,
 
 623 So.2d 1257 (La.1993), the court set out the proper standard of review of general damage awards in detail. It noted that trial courts have much, and even vast, discretion in fixing such awards, and appellate courts should rarely disturb these awards. It explained that it is only when the appellate court, for articulable reasons, determines that the award is beyond what a reasonable trier of fact could assess in either direction, considering the effects of the particular injury on the particular plaintiff under all of the particular circumstances of the case, that it may change the award. Further, it is only after making an initial determination that the award is an abuse of discretion that the appellate court may compare awards in other similar cases, always keeping in mind the particulars of the case under review, to determine what an appropriate award might be. Finally, the inquiry is not what the appellate court, had it been sitting as the trier of fact, might have awarded, but rather whether the award is an abuse of the wide discretion accorded the actual trier of fact.
 

 We have reviewed the record in this case in its entirety, and considering the particular injuries to this particular plaintiff in his particular circumstances, we are |5unable to articulate any reasons why the award is an abuse of the fact finder’s much discretion. We must, therefore, affirm the award.
 

 For the foregoing reasons, the judgment of the trial court fixing total damages at $150,000 is hereby affirmed.
 

 AFFIRMED.